JACOB M. HARPER (State Bar No. 259463)
    jacobharper@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
    josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
THE KROGER CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WG SECURITY PRODUCTS, INC., a California corporation,<br><br>          Plaintiff,<br><br>          vs.<br><br>THE KROGER CO., an Ohio corporation, and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No.    25-cv-7928<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>State Action Filed:    July 29, 2025<br>Action Removed:        September 17, 2025<br><br>[Removed from Santa Clara County Superior Court, Case No. 25CV471763] |

**TO PLAINTIFF WG SECURITY PRODUCTS, INC., AND ITS ATTORNEYS OF RECORD, AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant The Kroger Co. ("Kroger") hereby removes this case from the Superior Court of California for the County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Kroger is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 based on the following:

**<u>State Court Action</u>**

1.      On July 29, 2025, Plaintiff WG Security Products, Inc. (Plaintiff) commenced an action in the Superior Court of the State of California in and for the County of Santa Clara, captioned *WG Security Products, Inc. v. The Kroger Company*, Case No. 25CV471763 (the "State Court Action").  A true and correct copy of the complaint in the State Court Action served upon Kroger is attached hereto as **Exhibit A** (the "Complaint").

2.      On August 18, 2025, Kroger was served with a copy of the Complaint and a summons from the State Court Action by personal service.  A true and correct copy of the Proof of Service of Summons as filed by Plaintiffs in the State Court Action is attached hereto as **Exhibit B**.

3.      In addition to the Complaint and Proof of Service of Summons, all other pleadings, processes, and orders served upon or received by Kroger in the State Court Action or found in the docket in the State Court Action are attached hereto.

   a.   The Summons is attached hereto as **Exhibit C**;

   b.   The Civil Case Cover Sheet is attached hereto as **Exhibit D**;

   c.   The Civil Lawsuit Notice is attached hereto as **Exhibit E**; and

   d.   The Application of Robert R. Waters, Esq., to appear *pro hac vice* for Plaintiff, and documents filed in support thereof, are attached hereto as **Exhibit F**.

4.      The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332, and the Northern District of California encompasses the

1

NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

location in which the State Court Action is currently pending (*i.e.*, Santa Clara, California).  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending.").

### This Action Is Removable Based on Diversity, 28 U.S.C. § 1332(a)

#### *The Diversity Requirement Is Satisfied*

5.     A state court action is removable based on diversity jurisdiction if all plaintiffs are of different citizenship than all defendants.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  There is complete diversity of citizenship between the parties to this action.

6.     Plaintiff is a resident of California. (Ex. A ¶ 3.)

7.     Defendant Kroger is incorporated under the laws of Ohio, and its principal place of business is in Ohio.  (*See* Ex. A ¶ 4.)  Thus, for purposes of determining diversity jurisdiction, Kroger is a citizen of Ohio.  *See* 28 U.S.C. § 1332(c)(1).

8.     Although the Complaint purports to name Doe defendants, the citizenship of Doe defendants "shall be disregarded" for purposes of the removability analysis.  *See* 28 U.S.C. § 1441(b)(1).

#### *The Amount in Controversy Exceeds $75,000*

9.     The amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1332(a).

10.     The Complaint seeks actual and compensatory damages in excess of $150,000,000. (Ex. A at pp. 6–7.)

11.     For purposes of removal only—without conceding that Plaintiff is entitled to any damages, costs, penalties, or relief whatsoever—it is apparent that the claims as alleged establish that the amount in controversy exceeds the jurisdiction minimum of $75,000, exclusive of interest and costs.

NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Reservation of Defenses**

12.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Kroger's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of:  (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**Kroger Satisfies the Requirements of 28 U.S.C. § 1446**

13.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14.     This Notice of Removal has been filed within thirty days of service of the Complaint and summons on Kroger.

15.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

16.     Concurrently with the filing of this Notice, Kroger will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Santa Clara.  *See* 28 U.S.C. § 1446(d).

WHEREFORE, Kroger removes the State Court Action to this Court.

DATED: September 17, 2025

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
JOSEPH ELIE-MYERS

By: _____
        Jacob M. Harper

Attorneys for Defendant
THE KROGER CO.

NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

E-FILED
7/29/2025 2:50 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV471763
Reviewed By: M. Bui

1  ROBERT R. WATERS  *(Pro Hac Vice* Pending)
   rrwaters@waterslawgroup.com
2  WATERS LAW GROUP, PLLC
   12802 Townepark Way, Suite 200
3  Louisville, KY  40243
   Telephone:  (502) 425-2424
4

5  JON-JAMISON HILL  (SBN 203959)
   jhill@mrllp.com
6  **MICHELMAN & ROBINSON, LLP**
   10880 Wilshire Boulevard, 19th Floor
7  Los Angeles, CA 90024
   Telephone:  (310) 299-5500
8

9  Attorneys for Plaintiff
   WG SECURITY PRODUCTS, INC.
10

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                  **FOR THE COUNTY OF SANTA CLARA**

13
   WG SECURITY PRODUCTS, INC., a         Case No.:     25CV471763
14 California corporation,

15              Plaintiff,                 **COMPLAINT FOR:**

16        v.                               1.  **BREACH OF CONTRACT**
                                           2.  **CONVERSION**
17 THE KROGER COMPANY, an Ohio
   corporation, and
18 DOES 1 through 25, inclusive,                **JURY TRIAL DEMANDED**

19              Defendants.
                                           Action Filed:  July 29, 2025
20 _____         Trial Date:    None Set

21

22

23

24

25

26

27

28

                                    1
                         **PLAINTIFF'S COMPLAINT**

1    Plaintiff WG Security Products, Inc. (*"Plaintiff"* of *"WG Security Products"*) sets forth below

2    its allegations and causes of action against Defendants The Kroger Company and Does 1 through 25,

3    inclusive:

4                                **JURISDICTION AND VENUE**

5         1.        This dispute pertains specifically to a continuing breach of a supply contract and

6    common law torts stemming from the parties' relationship with one another. This Court has

7    jurisdiction over this matter pursuant to California Code of Civil Procedure section 395.

8         2.        Venue is proper in the County of Santa Clara, because the contract at issue was formed

9    in the county, the contract was to be, at least in part, performed in the county, and a substantial part

10   of the events giving rise to the claims asserted in this civil action arose in the county.

11                                       **PARTIES**

12        3.        The Plaintiff, WG Security Products, Inc., is a California corporation with a principal

13   place of business located at 591 West Hamilton Avenue, Suite 260, Campbell, California. WG

14   Security Products has transacted business and provided commercial security products in the County

15   of Santa Clara and throughout the world since 1998.

16        4.        Defendant, The Kroger Company (*"Kroger"*), is an Ohio corporation, with a principal

17   place of business located at 101 Vine Street. Cincinnati, Ohio. Kroger is authorized to do business in

18   the State of California, and its agent for service of process is CSC Lawyers Incorporating Service,

19   located at 2710 Gateway Oaks Drive. Sacramento, California. Plaintiff is informed and believes and,

20   on that basis, alleges that Kroger regularly transacts business in California.

21        5.        Plaintiff is informed and believes and, on that basis, alleges that at all relevant times,

22   the defendants sued herein as Does 1 through 25, inclusive, and each of them, were subsidiaries or

23   affiliates of Korger and are in some way responsible for the acts and events complained of herein and

24   proximately caused injuries and damages to Plaintiff which are described in this complaint. Plaintiff

25   is informed and believes and, on that basis, alleges that in doing the things hereinafter alleged, each

26   of the defendants sued as Does 1 through 25 was acting within the course and scope of such affiliation

27   with Kroger and in coordination with Kroger.

28   ///

1    6.    The true names and capacities of the persons named herein as Does 1 through 25 are

2 presently unknown to Plaintiff, who therefore sues said persons and/or entities by such fictitious

3 names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of

4 these Doe defendants when their identities have been ascertained, or according to proof at trial.

5 Kroger and Does 1 through 25 are collectively referred to in this complaint as **Defendants**.

6                                    **FACTUAL BACKGROUND**

7    7.    For many years, WG Security Products has provided high quality electronic article

8 surveillance (EAS) tags and protection systems for retail use throughout the United States and much

9 of the rest of the world.

10    8.    EAS tags take a variety of forms but generally consist of a small object which is

11 attached to merchandise that is being protected from theft. The EAS tag initiates an alarm occurrence

12 if the tagged merchandise is improperly removed from the retail environment.

13    9.    In general, EAS tags and the protected merchandise are monitored at the exits of a

14 retail establishment by monitoring systems that can take a variety of forms.

15    10.    In operation, when tagged merchandise is purchased in the retail establishment, a retail

16 clerk will remove or deactivate the EAS tag so that it will not generate an alarm when the purchased

17 merchandise leaves the retail establishment.

18    11.    Throughout the years, EAS tags and surveillance systems have grown in complexity

19 and use. WG Security Products has been a leader in developing successful and cost-efficient systems

20 for reducing the prevalence of shoplifting losses.

21    12.    In order to reduce its customers' cost of operating an EAS system, WG Security

22 Products worked to develop programs for recycling EAS tags or portions of tags.

23    13.    To meet a need in the market, WG Security Products developed and initiated a

24 Recyclable Source Tagging (RST) program.

25    14.    "Source tagging" is the method by which merchandise producers attach anti-theft

26 sensors, such as EAS tags, to their products as they are produced prior to shipping the products to the

27 retailers. By affixing the tags at the source, the retailer does not need to attach EAS tags to the

28 merchandise because they are already applied when they arrive to the retailer from the producer. This

1  reduces the manpower a retailer needs to move products onto its sales floor and reduces the time
2  between when product is delivered to the retailer and when it can be ready for sale to customers. In a
3  source tagging program, the retailer only has to be concerned with removal of the tags as the
4  merchandise is purchased by customers.

5      15.    As part of the RST program that WG Security Products developed, its customers never
6  have to purchase the EAS tags. Instead, as part of the RST program, the retailer collects the EAS tags
7  and the tags are returned to WG Security Products to be used by WG Security Products again in the
8  future. One of the program's features is that the retailer typically avoids any direct cost for the EAS
9  tags themselves.

10     16.    WG Security Products entered into a an agreement with Kroger to implement an RST
11 program for Kroger and its subsidiaries (the "*Kroger Program*"). The Kroger Program was started at
12 Kroger subsidiary Fred Meyer in 2011, but Kroger then expanded the program throughout the Kroger
13 distributing system throughout the United States. The parties' agreement is an implied contract, the
14 existence and terms of which are manifested by the parties' conduct. The agreement, and related
15 Kroger Program, works in practice as follows.

16     17.    Kroger specifies from its merchandise suppliers that the vendor utilizes specifically
17 designated EAS tags that the vendor obtains from WG Security Products.

18     18.    The vendor for Kroger orders a quantity of tags from WG Security Products using an
19 online portal. The vendor pays for the price of the tags, and the per-tag price is much lower than one
20 would pay to purchase an EAS tag.

21     19.    The vendor supplies merchandise to Kroger with WG Security Products' tags pre-
22 applied to the merchandise.

23     20.    At the point of sale, Kroger removes the tags and gathers them for return to WG
24 Security Products.

25     21.    When WG Security Products receives the returned tags from Kroger, the tags are
26 sorted, cleaned, inspected, tested and prepared to be reused in the next vendor order.

27     22.    At no time in the Kroger Program's process does Kroger or its vendors purchase or
28 own WG Security Products' EAS tags that are used for that RST program.

1    23.    The utilization of the Kroger Program has been successful resulting in considerable

2  savings by Kroger over the years. Unfortunately, Kroger stopped complying with the terms of the

3  Kroger Program and the parties' agreement.

4    24.    Recently it has come to the attention of the Plaintiff that Kroger has failed to properly

5  return and account for a large portion of EAS tags used for the Kroger Program.

6    25.    Rather than returning the recycled tags to WG Security Products for recycling and re-

7  use, Kroger has instead often re-applied the tags directly to its merchandise.

8    26.    Moreover, Kroger and its affiliates have intentionally failed to provide an accounting

9  for use and failed to properly pay compensation to WG Security Products for the secondary uses of

10  the tags that are not being returned.

11                    **CAUSES OF ACTION**

12                  **FIRST CAUSE OF ACTION**

13                    **BREACH OF CONTRACT**

14                      **(Against Kroger)**

15    27.    Plaintiff restates and realleges Paragraphs 1 through 26 of this complaint and

16  incorporates the same by reference.

17    28.    Plaintiff entered into an agreement with Kroger as more fully described in Paragraphs

18  16 through 22, above.

19    29.    Plaintiff performed its obligations under the parties' agreement. More specifically,

20  Plaintiff provided, and continues to provide, EAS tags to Kroger's vendors for use in the Kroger

21  Program, as well as take all other actions necessary to maintain the Kroger Program.

22    30.    The actions undertaken by Kroger, as described above in Paragraph 25 constitute a

23  breach of contract. More specifically, Kroger re-applied the tags directly to its merchandise without

24  putting the tags back through the process for the Kroger Program.

25    31.    The Plaintiff has reached out to Kroger on several occasions seeking to work out a

26  resolution of the breaches, but Kroger has consistently failed to address the contract breaches.

27    32.    The actions of Kroger have caused considerable financial injury to the Plaintiff.

28  Plaintiff is entitled to an award of all of the actual damages it has suffered as a result of Kroger's

1 breaches of contract. The amount of such damages are in an amount to be proven at trial, and because
2 they are continuing in nature, cannot be fully calculated at this time. However, Plaintiff estimates
3 that they exceed $150,000,000 and are well above the jurisdictional minimum of this Court.

**SECOND CAUSE OF ACTION**

**CONVERSION**

**(Against all Defendants)**

7    33.    Plaintiff restates and realleges Paragraphs 1 through 26 of this complaint and
8 incorporates the same by reference.

9    34.    Plaintiff owns the EAS tags used for the Kroger Program, and at no time did Kroger,
10 any other Defendant or anyone else purchase or own them. Plaintiff provided the EAS tags to
11 Defendants for a limited purpose, and they were required to return the tags to Plaintiff.

12    35.    Defendants have not returned the EAS tags to Plaintiff, despite outreach by Plaintiff
13 and requests to do so. Instead, Defendants intentionally retained the tags for themselves and their
14 own use, and in an effort to prevent Plaintiff from generating revenue from Plaintiff's continued use
15 of the EAS tags.

16    36.    Defendants' actions have caused considerable financial injury to the Plaintiff. Plaintiff
17 is entitled to an award of all of the actual damages it has suffered as a result of Defendants'
18 misconduct. The amount of such damages are in an amount to be proven at trial, and because they
19 are continuing in nature, they cannot be fully calculated at this time. Plaintiff is informed and believes
20 and, on that basis, alleges that its damages are well above the jurisdictional minimum of this Court..

21    37.    Defendants' conduct was intentional and was carried out maliciously, oppressively
22 and/or with conscious disregard for Plaintiff's rights, justifying an award of punitive damages against
23 Defendants pursuant to California Civil Code section 3294.

**PRAYER FOR RELIEF**

25    WHEREFORE, as a result of the foregoing causes of action, Plaintiff demands and prays for
26 judgment to be entered in favor of Plaintiff and against Defendants as follows:

27    A.    On all causes of action, for a judgment against the Defendants for all of Plaintiff's
28 monetary damages as set forth above, in an amount proven by the evidence at trial, but no less than one

1  hundred fifty million dollars ($150,000,000.00);

2         B.      On all causes of action, for an award of costs;

3         C.      On all causes of action, for an award of pre-judgment interest and post-judgment interest

4  as permitted by law;

5         D.      On the second cause of action, for an award of punitive damages; and

6         E.      Any and all other relief to which Plaintiff is entitled and which the Court deems

7  appropriate and just.

8

9  Dated: July 29, 2025                    **MICHELMAN & ROBINSON, LLP**

10

11                          By: _____

12                          Jon-Jamison Hill
                            Attorneys for Plaintiff
13                          WG Security Products, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2    Plaintiff WG Security Products, Inc. hereby demands a trial by jury on all claims.

3

4  Dated:  July 29, 2025                    **MICHELMAN & ROBINSON, LLP**

5

6                                      By: _____

7                                          Jon-Jamison Hill
                                           Attorneys for Plaintiff
8                                          WG Security Products, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT**

# EXHIBIT B



**null / ALL**
**Transmittal Number: 32074856**
**Date Processed: 08/18/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine St<br>Cincinnati, OH 45202-1141 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Kroger Company |
| **Title of Action:** | Wg Security Products, Inc. vs. The Kroger Company |
| **Matter Name/ID:** | Wg Security Products, Inc. vs. The Kroger Company (17765502) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Santa Clara County Superior Court, CA |
| **Case/Reference No:** | 25CV471763 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/18/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Michelman & Robinson, Llp<br>310-299-5500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
7/29/2025 2:50 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV471763
Reviewed By: M. Bui
Envelope: 20280534

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE KROGER COMPANY, an Ohio corporation, and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WG SECURITY PRODUCTS, INC., a California corporation,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SANTA CLARA SUPERIOR COURT, 191 N First St, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
**25CV471763**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jon-Jamison Hill, MICHELMAN & ROBINSON, LLP, 10880 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90024 (310) 299-5500

| DATE:<br>*(Fecha)* | 7/29/2025 2:50 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | M. Bui | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* THE KROGER COMPANY
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JON-JAMISON HILL (SBN 203959) MICHELMAN & ROBINSON, LLP<br>10880 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90024<br><br>TELEPHONE NO.: (310) 299-5500    FAX NO.: (310) 299-5600<br>EMAIL ADDRESS: jhill@mrllp.com<br>ATTORNEY FOR *(Name):* Plaintiff, WG SECURITY PRODUCTS, INC. | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 7/29/2025 2:50 PM<br>Reviewed By: M. Bui<br>Case #25CV471763<br>Envelope: 20280534** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA |
|---|
| STREET ADDRESS: 191 N First Street |
| MAILING ADDRESS: 191 N First Street |
| CITY AND ZIP CODE: San Jose, CA 95113 |
| BRANCH NAME: |

| CASE NAME: WG SECURITY PRODUCTS, INC VS THE KROGER COMPANY |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25CV471763 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve                   courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence                  court
                                                                  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 29, 2025
Jon-Jamison Hill

▶ _____

(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# EXHIBIT E

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: ___25CV471763_____

---

## PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2.  You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

    **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

-   State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
-   Local Rules and Forms: https://www.scscourt.org/forms_filing.shtml and
    https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.*** *You may have the option, or be required, to appear remotely –*
*see Local Civil Rule 8.*

| |
|---|
| Your Case Management Judge is: ___Hon. Evette D. Pennypacker_____   Department: _6_____ |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) |
| Date: February 11, 2026 Time: ___2:00pm_____ in Department: ___6_____ |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) |
| Date: _____ Time: _____ in Department:_____ |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.
*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT F

EFS-020

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO.: 203959<br>NAME:  JON-JAMISON HILL<br>FIRM NAME: MICHELMAN & ROBINSON, LLP<br>STREET ADDRESS: 10880 Whilshire Blvd, 19th Floor<br>CITY: Los Angeles                    STATE: CA    ZIP CODE: 90024<br>TELEPHONE NO.: 310-299-5500        FAX NO.:<br>E-MAIL ADDRESS: jhill@mrllp.com<br>ATTORNEY FOR (name): WG SECURITY PRODUCTS, INC. | *FOR COURT USE ONLY* |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA<br>STREET ADDRESS: 191 N First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: WG SECURITY PRODUCTS, INC.<br>DEFENDANT/RESPONDENT: THE KROGER COMPANY<br>OTHER: | CASE NUMBER:<br>25CV471763 |
| | JUDICIAL OFFICER:<br>Hon. Evette D. Pennypacker |
| **PROPOSED ORDER (COVER SHEET)** | DEPT:<br>6 |

---

NOTE:  This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent
electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed
order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed
order in PDF format are filed.

---

1. Name of the party submitting the proposed order:
   WG SECURITY PRODUCTS, INC.


2. Title of the proposed order:
   [PROPOSED] ORDER GRANTING APPLICATION TO APPEAR PRO HAC VICE


3. The proceeding to which the proposed order relates is:

   a. Description of proceeding: NOTICE OF HEARING RE APPLICATION TO APPEAR PRO HAC VICE

   b. Date and time: December 9, 2025

   c. Place: 191 N First Street, San Jose, CA 95113


4. The proposed order was served on the other parties in the case.


Jon-Jamison Hill                                    ▶
_____                           _____
        (TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,<br>rules 2.252, 3.1312<br>*www.courts.ca.gov*

**EFS-020**

| CASE NAME:<br>WG SECURITY PRODUCTS, INC. v. THE KROGER COMPANY | CASE NUMBER:<br>25CV471763 |
|---|---|

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*

   b. My electronic service address is *(specify):*

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*

   b. To *(electronic service address of person served):*

   c. On *(date):*

   ☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

1  ROBERT R. WATERS (*Pro Hac Vice* Pending)
   rrwaters@waterslawgroup.com
2  **WATERS LAW GROUP, PLLC**
   12802 Townepark Way, Suite 200
3  Louisville, KY 40243
   Telephone: (502) 425-2424
4
   JON-JAMISON HILL (SBN 203959)
5  jhill@mrllp.com
   **MICHELMAN & ROBINSON, LLP**
6  10880 Wilshire Boulevard, 19th Floor
   Los Angeles, CA 90024
7  Telephone: (310) 299-5500

8
   Attorneys for Plaintiff
9  WG SECURITY PRODUCTS, INC.

10

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **FOR THE COUNTY OF SANTA CLARA**

14  WG SECURITY PRODUCTS, INC., a              Case No.: 25CV471763
15  California corporation,
                                               **NOTICE OF HEARING RE**
16              Plaintiff,                     **APPLICATION TO APPEAR *PRO HAC***
                                               ***VICE*; MEMORANDUM IN SUPPORT;**
17       v.                                    **VERIFIED APPLICATION OF ROBERT**
                                               **R. WATERS; DECLARATION OF JON-**
18                                             **JAMISON HILL IN SUPPORT**
    THE KROGER COMPANY, an Ohio
19  corporation, and
    DOES 1 through 25, inclusive,             Date: December 9, 2025
20                                            Time: 9:00 a.m.
                                              Dept.: 6
21
              Defendants.
22                                            Judge: Hon. Evette D. Pennypacker
                                              Complaint Filed: July 29, 2025
23

24

25

26

27

28

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      PLEASE TAKE NOTICE that on December 9, 2025, at 9:00 a.m. in Department 6 of the

3   Superior Court of Santa Clara County, located at 191 N First Street, San Jose, CA 95113, this

4   Application to Appear *Pro Hac Vice* filed by Robert R. Waters will be heard.

5      This application is supported by this Notice, the attached verified application of Robert R.

6   Waters, and the attached declaration of Jon-Jamison Hill.

7

8   Dated: August 5, 2025                          Respectfully submitted,

9                                                  MICHELMAN & ROBINSON, LLP

10

11                                         By: _____

12                                              Jon-Jamison Hill, Esq
                                                Attorney for Plaintiff,
13                                              WG SECURITY PRODUCTS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1    **MEMORANDUM IN SUPPORT OF APPLICATION OF ROBERT R. WATERS TO**

2    **APPEAR *PRO HAC VICE* FOR WG SECURITY PRODUCTS, INC.**

3        Rule 9.40 of the California Rules of Court governs applications of counsel to appear *pro hac*

4 *vice*. The rule requires counsel desiring to appear *pro hac vice* to file a verified application with

5 proof of service by mail in accordance with Code of Civil Procedure section 1013a of a copy of the

6 application and of the notice of hearing of the application on all parties who have appeared in the

7 cause and on the State Bar of California.

8        The attached verified application of Robert R. Waters shows that Robert R. Waters satisfies

9 the requirements of Rule 9.40 for admission to appear in this action *pro hac vice* as counsel for WG

10 Security Products, Inc. Robert R. Waters is not a licensee of the State Bar of California or a resident

11 of the State of California; is not regularly employed in the State of California; is not regularly

12 engaged in substantial business, professional, or other activities in the State of California; is an

13 attorney in good standing of and eligible to practice before the bar of Kentucky and before the bar

14 of West Virginia; and has been retained to appear in this action.

15        Counsel for WG Security Products, Inc. has notified and provided copies of this application

16 and supporting documents to the State Bar of California and submitted the required fifty-dollar fee

17 for the application of Robert R. Waters.

18        Based on these facts and the supporting information provided in the attached verified

19 application of Robert R. Waters and declaration of Jon-Jamison Hill, counsel for WG Security

20 Products, Inc. hereby requests that Robert R. Waters be permitted to appear as counsel *pro hac vice*

21 for WG Security Products, Inc. in this action.

22

23 Dated: August 5, 2025            Respectfully submitted,

24                          MICHELMAN & ROBINSON, LLP

25

26           By: _____

27                 Jon-Jamison Hill, Esq
                   Attorney for Plaintiff,

28                 WG SECURITY PRODUCTS, INC

---

NOTICE OF HEARING RE APPLICATION TO APPEAR PRO HAC VICE; MEMORANDUM IN SUPPORT;
VERIFIED APPLICATION OF ROBERT R. WATERS; DECLARATION OF JON-JAMISON HILL IN SUPPORT

1  **DECLARATION OF JON-JAMISON HILL IN SUPPORT OF APPLICATION OF**

2  **ROBERT R. WATERS FOR *PRO HAC VICE* ADMISSION TO APPEAR AS COUNSEL**

3  **FOR WG SECURITY PRODUCTS, INC.**

4      I, Jon-Jamison Hill, declare:

5      1.    I am a member of the State Bar of California and of Michelman & Robinson, LLP,

6  attorneys for WG Security Products, Inc. I have personal knowledge of the facts set forth below

7  and, if called as a witness, could testify to them.

8      2.    I have been acting as local counsel for WG Security Products, Inc. in the referenced

9  matter.

10      3.    Robert R. Waters in Louisville, Kentucky has been directing all of the substantive

11  issues in the case and WG Security Products, Inc. seeks to have them serve as its trial counsel for

12  the matter.

13      4.    I have reviewed the executed applications for admission *pro hac vice* of Robert R.

14  Waters and am informed and believe that all the information contained therein is true and correct.

15      5.    This declarant requests that this Court allow Robert R. Waters, to appear as counsel

16  *pro hac vice* and to be associated as co-counsel in connection with the above-entitled case and to

17  participate in all aspects thereof, including all trial and pre-trial proceedings.

18      6.    I have served a copy of this declaration and the application for admission on the

19  San Francisco offices of the State Bar of California with the necessary fee.

20      I certify and declare under the penalty of perjury under the laws of the State of California

21  that the foregoing is true and correct and that this declaration was executed at Los Angeles, CA on

22  August 4, 2025.

23

24  Dated: August 5, 2025        Respectfully submitted,

25          MICHELMAN & ROBINSON, LLP

26

27  By: _____

28      Jon-Jamison Hill, Esq
    Attorney for Plaintiff,
    WG SECURITY PRODUCTS, INC.

NOTICE OF HEARING RE APPLICATION TO APPEAR PRO HAC VICE; MEMORANDUM IN SUPPORT;
VERIFIED APPLICATION OF ROBERT R. WATERS; DECLARATION OF JON-JAMISON HILL IN SUPPORT

1

2

**VERIFIED APPLICATION OF ROBERT R. WATERS FOR *PRO HAC VICE***

**ADMISSION TO APPEAR AS COUNSEL FOR WG SECURITY PRODUCTS, INC**

3

4

I, Robert R. Waters, hereby petition the above-entitled court to permit me to appear and participate in this case, and in support of petition state:

5

       1.     My residence address is 1225 Goose Creek Road, Taylorsville, KY 40071.

6

       2.     My office address is 12802 Townepark Way, Suite 200, Louisville, KY 40243.

7

8

       3.     I was admitted to the State Bar of Kentucky (Bar No. 87753) in 1999 and am admitted to all courts of the Commonwealth of Kentucky.

9

10

       4.     I was admitted to the State Bar of West Virginia (Bar No. 7627) in 1998 and am admitted to all courts of the State of West Virginia.

11

12

       5.     I was admitted as a patent attorney through the US Patent Office (Registration No. 43,241) on January 26, 1999.

13

14

       6.     I was admitted, am a member in good standing of, and am eligible to practice before the following federal courts on the following dates:

15

16

17

18

19

20

21

22

| COURT | DATE ADMITTED |
|-------|---------------|
| U.S.D.C., Western District of Kentucky | 02/10/2003 |
| U.S.D.C., Eastern District of Kentucky | 07/05/1999 |
| U.S.D.C., Northern District of West Virginia | 05/31/2005 |
| U.S.D.C., Southern District of West Virginia | 05/05/1998 |
| U.S. Court of Appeals for the Fourth Circuit | 2/23/2012 |
| U.S. Court of Appeals for the Federal Circuit | 03/11/2009 |

23

       7.     I am not currently suspended or disbarred in any court.

24

25

       8.     I am not regularly engaged in the practice of law or other business in the State of California.

26

27

       9.     I have filed an application to appear *pro hac vice* in the following matter in the past two years:

28

///

| COURT | CASE |
|---|---|
| U.S.D.C. Northern District of California | *Levi Strauss & Co. V. Portwest, LLC et al, Case No. 5:25-cv-04994-NW* (Granted on September 17, 2024) |

10.    Local counsel of record with whom I am associated in this matter is Jon-Jamison Hill (Bar. No. 203959), 10880 Wilshire Blvd 19th Fl, Los Angeles, CA 90024, (310) 299-5500.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 29, 2025

Respectfully submitted,

MICHELMAN & ROBINSON, LLP

By: _____
Robert R. Waters, Esq
Attorney for Plaintiff,
WG SECURITY PRODUCTS, INC.

**PROOF OF SERVICE**
*WG Security Products, Inc vs. The Kroger Company*
Santa Clara Case No. 25CV471763

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., 19th Floor, Los Angeles, California 90024.

On August 5, 2025, I served the document(s) described as **NOTICE OF HEARING RE APPLICATION TO APPEAR *PRO HAC VICE*; MEMORANDUM IN SUPPORT; VERIFIED APPLICATION OF ROBERT R. WATERS; DECLARATION OF JON-JAMISON HILL IN SUPPORT** on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

| | |
|---|---|
| Samuel O. Ogbogu, Esq. (SBN 156427)<br>SAMUEL OGBOGU, INC., APLC<br>4311 Wilshire Boulevard, Suite 308<br>Los Angeles, CA 90010<br>Telephone: (213) 624-1500<br>Facsimile: (323) 433-7330<br>Email: sogboguinclaw@aol.com | Office of Admissions<br>The State Bar of California<br>180 Howard Street<br>San Francisco, CA 94105 |

☒ **BY U.S. MAIL:** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California. I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Per agreement of the Parties or based on a court order to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on August 5, 2025, at Los Angeles, California

_____
Angie Guzman

PROOF OF SERVICE

1  ROBERT R. WATERS (*Pro Hac Vice* Pending)
   rrwaters@waterslawgroup.com
2  **WATERS LAW GROUP, PLLC**
   12802 Townepark Way, Suite 200
3  Louisville, KY 40243
   Telephone: (502) 425-2424
4
   JON-JAMISON HILL (SBN 203959)
5  jhill@mrrllp.com
   **MICHELMAN & ROBINSON, LLP**
6  10880 Wilshire Boulevard, 19th Floor
   Los Angeles, CA 90024
7  Telephone: (310) 299-5500
8
9  Attorneys for Plaintiff
   WG SECURITY PRODUCTS, INC.
10
11
12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13                  **FOR THE COUNTY OF SANTA CLARA**
14

| | |
|---|---|
| WG SECURITY PRODUCTS, INC., a California corporation, | Case No.: 25CV471763 |
| Plaintiff, | **[PROPOSED] ORDER GRANTING APPLICATION TO APPEAR *PRO HAC VICE*** |
| v. | Date: December 9, 2025 |
| THE KROGER COMPANY, an Ohio corporation, and DOES 1 through 25, inclusive, | Time: 9:00 a.m. Dept.: 6 |
| Defendants. | Judge: Hon. Evette D. Pennypacker Complaint Filed: July 29, 2025 |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING APPLICATION TO APPEAR PRO HAC VICE

**[PROPOSED] ORDER**

The Court, having reviewed the application of ROBERT R. WATERS to appear *pro hac vice* in this matter as counsel for WG SECURITY PRODUCTS, INC., finds and orders as follows:

1.      The application complies with Rule 9.40 of the California Rules of Court, which governs applications for counsel to appear *pro hac vice*.

2.      The verified application and supporting documents show that:

- ROBERT R. WATERS is not a member of the State Bar of California or a resident of the State of California.
- ROBERT R. WATERS is not regularly employed in the State of California and does not regularly engage in substantial business, professional, or other activities in the State of California.
- ROBERT R. WATERS is an attorney in good standing and eligible to practice before the bar of Kentucky and before the bar of West Virginia
- ROBERT R. WATERS has been retained to represent WG SECURITY PRODUCTS, INC. in this action.

3.      Counsel for WG SECURITY PRODUCTS, INC. has provided proper notice and copies of the application, supporting documents, and notice of hearing to the State Bar of California and all parties who have appeared in this matter, as required by Rule 9.40 and Code of Civil Procedure section 1013a.

4.      Counsel for WG SECURITY PRODUCTS, INC. has paid the required fifty-dollar fee to the State Bar of California.

**IT IS HEREBY ORDERED THAT:**

The application of ROBERT R. WATERS to appear *pro hac vice* as counsel for WG SECURITY PRODUCTS, INC. in this action is GRANTED.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. EVETTE D. PENNYPACKER
JUDGE OF THE SUPERIOR COURT

[PROPOSED] ORDER GRANTING APPLICATION TO APPEAR PRO HAC VICE

**PROOF OF SERVICE BY MAIL**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071.

On September 17, 2025, I served the foregoing document(s) described as: **THE KROGER CO.'s NOTICE OF REMOVAL** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Robert R. Waters
Waters Law Group, PLLC
12802 Townepark Way, Suite 200
Louisville, KY 40243

Jon-Jamison Hill
Michelman & Robinson, LLP
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024

*Attorneys for Plaintiff WG Security Products, Inc.*

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on September 17, 2025, at Los Angeles, California.

☑      State      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____          _____
Lina Pearmain                                         Signature
Print Name

NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899