UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WG SECURITY PRODUCTS, INC., | Case No. 25-cv-07928-NW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| THE KROGER CO., | Re: ECF No. 17 |
| Defendant. | |

Plaintiff WG Security Products, Inc. ("WG Security") brings suit against Defendant The Kroger Co. ("Kroger") for breach of an implied contract between the parties and for conversion. WG Security alleges that Kroger continues to breach a supply contract for electronic article surveillance tags used in retail stores. Compl., ECF No. 1-1. Kroger filed a motion to dismiss WG Security's complaint. ECF No. 17.

The Court finds this matter suitable for resolution without oral argument and VACATES the hearing set for February 25, 2026. L.R. Civ. 7-1(b). Defendant's motion to dismiss is GRANTED with leave to amend.

## I.    BACKGROUND[1]

WG Security is a California corporation that provides commercial security products. Kroger is an Ohio corporation that has retail stores in California.

WG Security explains that it sells "high quality electronic article surveillance (EAS) tags," which "generally consist of a small object [that] is attached to merchandise that is being protected from theft." Compl. ¶¶ 7-8. The EAS tags are monitored at store exits and sound an alarm if

---

[1] The factual background is drawn from the complaint. *See* ECF No. 1-1.

United States District Court
Northern District of California

improperly removed.

"In order to reduce its customers' cost of operating an EAS system," WG Security "develop[ed] programs for recycling EAS tags or portions of tags." *Id*. ¶ 12. One such program was called the Recyclable Source Tagging ("RST") program. Under the RST program, suppliers attach EAS tags before shipping products to retailers. Next, retailers (like Kroger) collect the EAS tags in the checkout line when merchandise is purchased. Finally, the retailers return the tags to WG Security, where the tags are cleaned, prepared for re-use, and sent back to suppliers. WG Security notes that "its customers never have to purchase the EAS tags"; "[o]ne of the program's features is that the retailer typically avoids any direct cost for the EAS tags themselves." *Id*. ¶ 15.

WG Security alleges that it entered into "an implied contract" with Kroger in 2011, "the existence and terms of which are manifested by the parties' conduct." *Id*. ¶ 16. "The utilization of the Kroger Program has been successful resulting in considerable savings by Kroger over the years." *Id*. ¶ 23. WG Security contends that it has "[r]ecently" learned that "Kroger has failed to properly return and account for a large portion of EAS tags used." *Id*. ¶ 24.

WG Security seeks to recover for Kroger's "continuing breach" and failure "to properly pay compensation to WG Security Products for the secondary uses of the tags that are not being returned." *Id*. ¶¶ 1, 26.

## II.    DISCUSSION

WG Security brings two claims against Kroger: (1) breach of contract and (2) conversion. Kroger moves to dismiss both causes of action. ECF No. 17.

### A.    Breach of Contract

WG Security acknowledges that it had "an implied contract" with Kroger, where "the existence and terms" were "manifested by the parties' conduct." Compl. ¶ 16. Under California's statute of frauds, contracts that take more than one year to perform are "invalid" unless the contract is "in writing." Cal. Civ. Code § 1624(a)(1). While the "contract need not expressly stipulate that the contract shall be completed within one year," performance of the contract must be "possible within one year." *Ward v. Mitchell*, No. 12-CV-3932 NC, 2013 WL 1758840, at *7 (N.D. Cal. Apr. 24, 2013). Here, WG Security states that the "implied contract" was formed in

United States District Court
Northern District of California

2

2011 and that Kroger is "continuing" to breach the contract, at least as of the date the complaint was filed (July 29, 2025) – meaning the "contract" has been ongoing for nearly fourteen years. Compl. ¶¶ 1, 16. Still, WG Security argues that the contract is "capable of being terminated or completed within one year." Opp'n at 20. This argument is in tension with WG Security's factual allegations both as to the length of the historic contract, and its assertions regarding current activities – namely that when it "receives the returned tags," "the tags are sorted, cleaned, inspected, tested, and prepared to be reused," indicating an ongoing and time-consuming series of obligations on the part of WG Security. Compl. ¶ 21. Performance of such a continuing nature further suggests that performance was not "possible within one year." The Court grants WG Security leave to amend its complaint to allege facts, assuming that it can do so in good faith, that show that the terms of the implied contract could be performed within a year. Kroger's motion to dismiss the breach of contract claim is GRANTED with leave to amend.

### B.    Conversion

WG Security seeks to recover from Kroger for conversion because Kroger has "not returned the EAS tags." Compl. ¶ 35. To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim for conversion, WG Security must allege: "(1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010).

Here, WG Security fails to allege facts with sufficient specificity to demonstrate its "ownership or right to possession of" the EAS tags at the time of the alleged conversion. The complaint is devoid of numerous basic facts including: how many tags WG Security gave to Kroger; how long Kroger held those tags; what portion of the tags, if any, Kroger returned to WG

United States District Court
Northern District of California

Security; the cost of the tags; and if Kroger has since reused the tags.  WG Security must "make[] a claim for property that is specific enough to be identified." *Dillihant v. Ctr. for Hum. Dev.*, No. 16-CV-00220-JSC, 2016 WL 11339546, at *4 (N.D. Cal. July 5, 2016) (internal citations omitted).  Kroger's motion to dismiss the claim for conversion is GRANTED with leave to amend.[2]

## III.    CONCLUSION

Kroger's motion to dismiss is GRANTED with leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (pursuant to Rule 15(a), leave to amend "should be freely granted when justice so requires," keeping in mind the underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities.") (en banc) (internal quotes and ellipses omitted).

WG Security is permitted to file an amended complaint within 21 days from this Order.

**IT IS SO ORDERED.**

Dated: February 23, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

---

[2] Kroger additionally moves to dismiss WG Security's conversion claim on the grounds that it is barred by the economic loss rule.  Mot. at 16.  Because the Court has granted WG Security leave to amend its breach of contract claim, the Court finds it premature to address this issue.