UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WG SECURITY PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE KROGER CO., <br><br> Defendant. | Case No. 25-cv-07928-NW <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: ECF No. 34 |

Defendant, The Kroger Co. ("Kroger"), filed a motion to dismiss Plaintiff WG Security Products, Inc.'s ("WG Security") first amended complaint ("FAC"). ECF No. 34. The motion is fully briefed. ECF Nos. 39, 40. Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument was not required and vacated the motion hearing. N.D. Cal. Civ. L.R. 7-1(b). For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

## I.      DISCUSSION

WG Security alleges that Kroger continues to breach a supply contract for electronic article surveillance tags used in retail stores, and brings claims for (1) breach of an implied contract between the parties and (2) conversion. FAC, ECF No. 30. The Court assumes familiarity with the background of this case, as outlined in the Court's prior orders. *See* ECF No. 29.

In its motion to dismiss the FAC, Kroger argues that WG Security has failed to cure the deficiencies the Court identified in the Court's prior order dismissing the original complaint. *Id.* ("February 2026 Order"). The Court disagrees. In the February 2026 Order, the Court found that (1) WG Security's breach of an implied contract claim, as alleged, raised questions about preclusion under the statute of frauds; and (2) WG Security failed to allege sufficient facts to state

its conversion claim.  In its FAC, WG Security addressed the inconsistencies and lack of specificity in their pleadings and has now plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, WG Security addressed the Court's concerns regarding the statute of frauds.  Under California's statute of frauds, contracts that take more than one year to perform are "invalid" unless the contract is "in writing."  Cal. Civ. Code § 1624(a)(1).  While the "contract need not expressly stipulate that the contract shall be completed within one year," performance of the contract must be "possible within one year."  *Ward v. Mitchell*, No. 12-CV-3932 NC, 2013 WL 1758840, at *7 (N.D. Cal. Apr. 24, 2013).  WG Security explains that their electronic surveillance tags are sent to Kroger in batches periodically and as requested, and that "WG Security helps facilitate the quick and easy return of the tags," including by providing Kroger with shopping labels upon request.  FAC ¶ 28.  WG Security emphasizes that "[o]nce the batch of tags is returned, neither Kroger, not its supplier, are obligated to participate further in the program." *Id*. ¶ 31.  WG Security has alleged sufficient facts to show that it is plausible that a batch of tags could be returned within one year, and the parties could request to end the program at that time, such that performance of the contract is "possible within one year."  *Ward v. Mitchell*, No. 12-CV-3932 NC, 2013 WL 1758840, at *7 (N.D. Cal. Apr. 24, 2013).

Moreover, WG Security has alleged facts to support its breach of implied contract claim. "An implied contract is one the existence and terms of the promise are 'manifested by conduct.'" *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1095 (N.D. Cal. 2022) (citing Cal. Civ. Code § 1621).  A plaintiff must also allege the existence of the contract, plaintiff's performance, defendant's breach, and damages.  *Id*.  WG Security has alleged that "the existence and terms" of the implied contract were "manifested by the parties' conduct"; specifically, WG Security offered Kroger participation in their program, Kroger accepted by rolling out the program and preparing a handbook about the program, the tags were sent to Kroger – this cycle continuing for years.  WG Security met its obligations to routinely supply surveillance tags.  But Kroger did not uphold its end of the bargain to return all tags.  In its handbook, Kroger acknowledged its responsibility to collect the tags at the point of sale so that the tags would be "returned to WG

2

Security." FAC ¶ 27. At this stage, accepting as it must "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]," the Court finds that WG Security's implied contract is not barred by the statute of frauds, and WG Security has stated a claim for breach. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Finally, WG Security has additionally cured the deficits in their conversion claim allegations. In the February 2026 Order, the Court identified numerous basic facts that were missing, including "how many tags WG Security gave to Kroger; how long Kroger held those tags; what portion of the tags, if any, Kroger returned to WG Security; the cost of the tags; and if Kroger has since reused the tags." WG Security has now answered those questions. *See* FAC ¶ 30 ("Over the lifetime of the parties' relationship, more than 37 million EAS tags were shipped to Kroger vendors"); *id*. ¶ 31 (batches of tags can be "returned to WG Security within a year (or much sooner)"); *id*. ¶ 38 ("WG Security believes that as many as 15 million tags have not been returned by Kroger"); *id*. ¶ 23 ("vendors pay WG Security a small fee"); *id*. ¶ 41 (after conducting audits of several Kroger stores, WG Security believes that Kroger is "affirmatively misusing WG Security's EAS tags" by re-using tags and using them with unauthorized vendors). WG Security has adequately detailed its ownership over the tags, Kroger's alleged wrongful retention of the tags, and the scale of damages. *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (to state a claim for conversion, a plaintiff must allege: "(1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.").

## II. CONCLUSION

Kroger's motion to dismiss is DENIED. Kroger must file an answer to the FAC within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: July 12, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3