ROBERT R. WATERS (Pro Hac Vice)
rrwaters@waterslawgroup.com
**WATERS LAW GROUP, PLLC**
12802 Townepark Way, Suite 200
Louisville, KY 40243
Telephone: (502) 425-2424

JON-JAMISON HILL (SBN 203959)
jhill@mrllp.com
BRANDY ALONZO-MAYLAND (SBN 352295)
balonzo-mayland@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Telephone: (310) 299-5500

Attorneys for Plaintiff
WG SECURITY PRODUCTS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WG SECURITY PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER COMPANY, an Ohio corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-07928-NW<br>*Assigned to the Hon. Noël Wise*<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>State Action Filed: July 29, 2025<br>Action Removed: September 17, 2025<br>Trial Date: None Set |

Plaintiff WG Security Products, Inc. ("***WG Security***" or "***Plaintiff***") and Defendant The Kroger Co. ("***Kroger***" or "***Defendant***"), submit their updated Joint Case Management Statement pursuant to Fed. R. Civ. P. 16 and E.D. Cal. Local Rule 16-9, in advance of the currently scheduled September 8, 2026, Case Management Conference.

## I. JURISDICTION AND SERVICE

Defendant removed this action from the Superior Court for the County of Santa Clara, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). No issues have been raised concerning personal jurisdiction or venue. All parties have been served with the Complaint and the now-operative First Amended Complaint ("***FAC***").

## II. BRIEF FACTUAL STATEMENT

WG Security's Position:

WG Security is a nationwide supplier of electronic article surveillance ("***EAS***") tags and related systems used by retailers to prevent shoplifting losses. EAS tags generally consist of a small object which is attached to merchandise that is being protected from theft. The EAS tag triggers an alarm if the tagged merchandise is improperly removed from the retail environment.

Starting in 2011, WG Security implemented a Recyclable Source Tagging ("***RST***") program specifically for Kroger. Generally speaking, the tags follow a use cycle where they go from WG Security (who owns the tags) to Kroger's vendors, then to Kroger, who then returns the tags to WG Security.

That program worked as follows. Kroger selects its suppliers and vendors who will participate in the program. Kroger then instructs those vendors to procure EAS tags from WG Security. The vendor procures the tags, pays WG Security a fee for their use, and affixes the tags to the vendor's merchandise. The vendor ships the tagged merchandise to Kroger. Kroger removes the tags at the point of sale, gathers them and ships them back to WG Security. At all times during the use cycle – before, during and after – WG Security owns the tags.

Both WG Security and Kroger benefit from the program. WG Security realizes revenue and profits through payments made by Kroger's selected vendors who pay a small sum for each use of an EAS tag. Kroger, meanwhile, realizes considerable savings from its participation in the program as

payment for tag use is shifted to its vendors, Kroger sees reduced shoplifting losses, and Kroger is able to reduce the time, manpower, and cost associated with applying EAS tags that Kroger would have shouldered if it has used other methods of security tagging. Kroger does not have to make large capital expenditures for purchasing tags, and Kroger is not tied to any multi-year contractual obligation. Additionally, Kroger touted other benefits for its vendors in the Handbook it prepared for and provided to them, for example, allowing Kroger to place the vendor's pre-tagged merchandise in more prominent locations to facilitate quicker sales and avoiding delays in reordering products from the vendors.

The program operated successfully for years and, despite this lawsuit, continues on. WG Security has provided, and continues to provide, EAS tags to Kroger's vendors for use, in addition to taking the other actions necessary to maintain the program for Kroger. Kroger, on the other hand, has not fully complied with the terms of the parties' agreement. Kroger has failed to properly return and account for a substantial portion of EAS tags used in the program. Instead of returning the tags to WG Security, as Kroger was obligated to do, Kroger has re-applied the tags directly to its own merchandise (in particular, on merchandise for vendors who do not participate in the program) and has shipped tags to stores which do not participate in the program so that they can avoid the costs of purchasing tags from other vendors. WG Security has made demands to Kroger to return the tags to WG Security after use, but Kroger has refused to do so.

<u>Kroger's Position:</u>

WG Security alleges that over fifteen years ago, it and Kroger entered into an implied contract based solely on the parties' conduct whereby Kroger requested that its vendors pre-affix WG Security's EAS tags onto their products prior to sending them to Kroger's retail stores. WG Security alleges that Kroger was obligated to return those tags to WG Security at some point in time under this implied contract and brings this action based on Kroger's alleged failure to return some of the tags. Kroger is currently investigating—and disputes—the allegations made in WG Security's FAC.

## III. LEGAL ISSUES

At this time, WG Security has not identified any significant legal issues in dispute. From WG Security's perspective, this matter will require a straightforward application of facts to support

two common state law causes of action (breach of contract and conversion).

From Kroger's perspective, the principal issues in this case include (1) whether WG Security can prove a claim for breach of implied contract; and (2) whether WG Security can prove a claim for conversion.

## IV. MOTIONS

Motions to Dismiss: Kroger moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. 17]. The Court issued an order granting that motion and granting WG Security leave to amend. [Dkt. 29]. After WG Security filed its First Amended Complaint, Kroger again moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. 34]. The Court issued an order denying that motion to amend and ordering Kroger to answer the First Amended Complaint, which Kroger filed on July 31, 2026. [Dkt. 47, 48].

Apart from routine scheduling and briefing requests, no other substantive motions have been filed to date. Kroger anticipates filing a motion for summary judgment and reserves the right to file additional motions as appropriate.

## V. AMENDMENT OF PLEADINGS

WG Security amended its pleading in conformance with the Court's order and filed its First Amended Complaint on March 17, 2026. [Dkt. 30].

The parties previously agreed to a deadline of amendment of pleadings for 120 days after April 13, 2026, when Kroger filed its motion to dismiss the FAC. That deadline has since passed, and the parties do not anticipate further amendment of the pleadings at this time.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Northern District's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties have not yet served their initial disclosures pursuant to Fed. R. Civ. P. 26. The parties intend to do so by September 22, 2026, fourteen (14) days after the Case Management Conference.

## VIII. DISCOVERY

No discovery has been initiated or completed in this action. At this time, the parties have not identified any discovery disputes.

WG Security expects its discovery to focus on the manner in which Kroger has re-used WG Security's EAS tags, how often Kroger was re-using tags without returning them to WG Security and broader directives or policies the Kroger put in place concerning re-use of the tags. Due to the nature of these issues, WG Security anticipates the need to take more than ten depositions in this matter, as not all Kroger stores may have used (or misused) WG Security's EAS tags in the same manner, and Kroger may not have had consistent policies for re-using tags across the many stores or districts where Kroger was improperly re-using WG Security-owned tags. Many depositions would focus on how the EAS tags were handled at the store level.

Kroger expects its discovery to focus on the foundational elements of conversion and the alleged implied contract, including without limitation formation, assent, and terms, WG's knowledge of and/or consent to the timeline of tag returns and or the tags' alleged re-use, damages, and other relevant topics. Kroger does not believe that there is good cause for more than the statutorily-prescribed number of depositions, believes an expanded number of depositions would be unduly burdensome and disproportionate to the needs of the case, and objects to the extent WG seeks more than ten depositions at this stage of the case.

The parties agree that discovery should be phased as to fact discovery and expert discovery, with fact discovery to be completed before the parties move into the expert discovery and disclosure phase.

A protective order may be necessary in this case depending on whether discovery seeks commercially sensitive information. During the meet and confer process, the parties both indicated that they are amenable to using the Northern District's model protective order.

## IX. RELATED CASES

The Parties are not aware of any related cases.

///

///

## X. RELIEF

Plaintiff WG Security seeks monetary damages for both of its claims. Those damages include, and can be calculated, as follows:

- The lost revenue that WG Security would have received from each of Kroger's misuses of WG Security's EAS tags;
- The value of the tags that Kroger has retained for its own use and refused to return to WG Security; and
- Fair compensation for the time and money WG Security has expended in pursuit of the property, pursuant to Cal. Civ. Code § 3336.

WG Security also seeks pre-judgment interest and post-judgment interest, as well as punitive damages pursuant to Cal. Civ. Code § 3294.

Kroger denies WG Security's entitlement to the relief sought in the FAC, including monetary damages, interest, punitive damages, or other relief.

## XI. SETTLEMENT AND ADR

There have not been any settlement discussions between the parties to date. The parties have complied with ADR L.R. 3-5 and have submitted their ADR Certifications by Parties and Counsel. The parties have elected to discuss ADR selection with the Court at the Case Management Conference.

WG Security believes that it will need to conduct some discovery, including the manner in which Kroger has re-used WG Security's EAS tags, how often Kroger was re-using tags without returning them to WG Security and broader directives or policies the Kroger put in place concerning re-use of the tags, prior to meaningful ADR.

Kroger is open to engaging in settlement discussions, including potentially private mediation as appropriate, at the appropriate time after the exchange of information necessary to make informed decisions concerning settlement.

///

///

///

## XII. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIII. NARROWING OF ISSUES

The motion to dismiss process resulted in both a better understanding of some of Kroger's potential defenses and in a more robust complaint that addresses the factual issues that underlie those defendants. Until the parties have engaged in at least some discovery, WG Security is not in a position to suggest how legal issues can be narrowed.

Kroger is not aware of any issues that may be narrowed at this time.

## XIV. SCHEDULING

The parties agree on the following case schedule:

| | |
|---|---|
| Serve Initial Disclosures | September 22, 2026 |
| Completion of Fact Discovery | May 28, 2027 |
| Initial Expert Report Exchange | June 14, 2027 |
| Rebuttal Expert Report Exchange | July 5, 2027 |
| Completion of Expert Discovery | July 30, 2027 |
| Deadline to File Dispositive Motions | August 13, 2027 |
| Final Pretrial Conference | Early October 2027 |
| Trial | Late October 2027 |

## XV. TRIAL

WG Security has requested a jury trial. The parties anticipate that the length of trial will be seven days.

## XVI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All parties have filed the disclosures required by N.D. Cal. Local Rule 3-15.

///

///

///

**XVII. <u>PROFESSIONAL CONDUCT</u>**

All counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XVIII. <u>OTHER MATTERS</u>**

The parties have not identified any other issues to be raised at the Case Management Conference.

Dated: August 21, 2026

**MICHELMAN & ROBINSON, LLP**

By: ______________________
Jon-Jamison Hill
Attorneys for Plaintiff
WG Security Products, Inc.

Dated: August 21, 2026

**DAVIS WRIGHT TREMAINE LLP**

By: ______________________
Jacob M. Harper
Attorneys for Defendant
The Kroger Company

**FILER'S ATTESTATION**

I, Jon-Jamison Hill, am the ECF user whose identification and password are being used to file this Joint Case Management Statement. In compliance with N.D. Cal. L.R. 5-1(i)(3), I hereby attest that Defendant's counsel concurs in this filing.

Dated: August 21, 2026

**MICHELMAN & ROBINSON, LLP**

By: ______________________

Jon-Jamison Hill
Attorneys for Plaintiff
WG Security Products, Inc.